Turley, J.
delivered the opinion of the court.
At the May term, 1842, of the Circuit Court for Wilson county, the plaintiff in error was tried, and convicted for the offence of perjury, and appeals to this court. Upon argument, several points are made for reversal, only one of which we think it ne-. cessary to notice, as that is conclusive upon the case. When the verdict was rendered, the prisoner was not present, having-been permitted to go at large during his trial. _ He was called, but did not appear. Can a verdict so rendered in a case of felony be sustained? Assuredly not. In favor of life and liberty, a man charged shall be present when a verdict affecting the one or the other is to be rendered against him, for perchance he may be able to show cause against it.
And so is the law as long since expounded. Chitty, in the first volume of his work upon Criminal Law, says, “The ver- *255 diet, whatever may be its effect, must in all cases of felony and treason be delivered in the presence of the defendant in open court, and cannot be either privately given or promulgated while he is absent.” Coke Lit. 227; 3 Inst. 117; Sir Thomas Raymond, 198; 2 Hale, 300; Hawk. b. 2, c. 47, s. 2; 4 Black. Com. 340; Bacon’s Abridg. Verdict; Burns’s Justice, Juror. V.
We therefore reverse the judgment of the Circuit Court, set aside the verdict, and remand the case for a new trial.